653 F.2d 277
 UNITED STATES of America, Plaintiff-Appellee,
Bay Mills Indian Community, Sault Ste. Marie Tribe of
Chippewa Indians, Plaintiffs-Intervenors-Appellees,
v.
STATE OF MICHIGAN, Michigan Natural Resources Commission and
its agents, Dr. Howard A. Tanner, Dr. Henry
Vondett and George Dahl in their
official capacities,
Defendants-Appellants,
Grand Traverse Area Sport Fishing Association, 13th Judicial
Circuit Court of the State of Michigan,
Intervenor-Defendant-Appellant.
 Nos. 79-1414, 79-1527 and 79-1528.
 United States Court of Appeals,
Sixth Circuit.
 July 10, 1981.
 
 Frank J. Kelley, Atty. Gen. of Mich., Thomas Casey, Asst. Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen. of Mich., Lansing, Mich., for State of Michigan et al.
 James A. Brady, U. S. Atty., Grand Rapids, Michigan, Edward J. Shawaker, J. Moorman, R. Klarquist, Attys., Dept. of Justice, Washington, D. C., for the U. S.
 
 
 1
 Bruce R. Greene, Native American Rights Fund, Boulder, Colo., William James, U. P. Legal Services, Sault Ste. Marie, Mich., for Bay Mills Indian Community.
 
 
 2
 Daniel T. Green, Sault Ste. Marie, Mich., for Chippewa Indians.
 
 
 3
 Theodore W. Swift, William K. Fahey, Stephen O. Schultz, Foster, Swift, Collins & Coey, Lansing, Mich., for intervenor defendant-appellant Grand Traverse Area etc.
 
 
 4
 Richard B. Baxter, Hillman, Baxter & Hammond, Grand Rapids, Mich., for intervenor defendant-appellant 13th Judicial Circuit Court etc.
 
 
 5
 Peter W. Stekette, Grand Rapids, Mich., for amicus curiae Michigan United Conservation Clubs, Inc.
 
 
 6
 Before MERRITT, MARTIN and JONES, Circuit Judges.
 
 ORDER
 
 7
 The procedural history of this Indian treaty fishing rights case is recited in our opinion reported at 623 F.2d 448 (6th Cir. 1980), remanding the case to the District Court to determine whether federal regulations governing gill net fishing preempt state regulation. After the remand of the case to the District Court, 471 F.Supp. 192, last summer pursuant to that opinion, the following significant steps have occurred: (1) The District Court began taking proof on the preemptive effect of the regulations of the Secretary of the Interior governing gill net fishing in the Great Lakes issued last year during the pendency of the original appeal in this case, but the District Court has not ruled as yet on the questions referred to it in our opinion. (2) The Secretary of the Interior allowed the regulations in question to expire on May 11 of this year, apparently on grounds that he and the Bureau of Indian Affairs should defer to the states in connection with the regulation of Indian treaty fishing in the Great Lakes. (3) The State of Michigan has issued emergency regulations governing gill net fishing which appear to be less protective of Indian rights than the federal regulations. (4) The State of Michigan has moved that the order of remand be vacated and that the original judgment of the District Court be reversed. (5) This Court heard reargument of the case on June 19, 1981.
 
 
 8
 In light of these events, this Court concludes as follows:
 
 
 9
 1. The treaty-guaranteed fishing rights preserved to the Indians in the 1836 Treaty, including the aboriginal rights to engage in gill net fishing, continue to the present day as federally created and federally protected rights. The protection of those rights is the solemn obligation of the federal government, and no principle of federalism requires the federal government to defer to the states in connection with the protection of those rights. The responsibility of the federal government to protect Indian treaty rights from encroachment by state and local governments is an ancient and well-established responsibility of the national government.
 
 
 10
 2. The right of the Indians to engage in gill net fishing is not absolute, however. It is subject to a rule of reason. In the absence of federal regulation, that right is subject to the type of state regulation outlined by the Michigan Supreme Court in People v. LeBlanc, 399 Mich. 31, 248 N.W.2d 199 (1976), a decision which we believe accurately states the rule of reason and the principles of federal law applicable to this case. As provided in LeBlanc, any such state regulations restricting Indian fishing rights under the 1836 treaty, including gill net fishing, (a) must be a necessary conservation measure, (b) must be the least restrictive alternative method available for preserving fisheries in the Great Lakes from irreparable harm, and (c) must not discriminatorily harm Indian fishing or favor other classes of fishermen.
 
 
 11
 3. Thus if Indian fishing is not likely to cause irreparable harm to fisheries within the territorial jurisdiction of the State of Michigan, the state may not regulate it. The state bears the burden of persuasion to show by clear and convincing evidence that it is highly probable that irreparable harm will occur and that the need for regulation exists. In the absence of such a showing, the state may not restrict Indian treaty fishing, including gill net fishing. Since the new Secretary of the Interior has now withdrawn the regulations issued by his predecessor, the essential question is now whether these standards have been satisfied.
 
 
 12
 4. The parties have not introduced proof on this subject, and the state has not carried the burden described in the paragraph immediately preceding. Accordingly, this Court is not in position at this time to determine whether the state's new regulations meet federal standards. We therefore decline to approve and put into effect on an interim basis the more restrictive emergency regulations of Indian treaty fishing recently adopted by the State of Michigan.
 
 
 13
 5. The United States and the Indian tribes represent to the Court that the tribes have adopted and will carefully enforce as a regime of tribal self-regulation the comprehensive rules regarding gill net fishing previously enacted by the Secretary of the Interior which were allowed to expire on May 11, 1981. Until modified by the District Court upon remand, the comprehensive rules regarding gill net fishing previously enacted by the Secretary of Interior and referred to in our opinion reported at 623 F.2d 448 (6th Cir. 1980) and our order of July 16, 1980, will remain in effect as the interim rules regarding gill net fishing. The District Court may modify these rules on an interim basis under Rule 65, Federal Rules of Civil Procedure.
 
 
 14
 6. The remand opinion and orders of this Court dated May 28, 1980, and July 16, 1980, remain in effect except as modified by this order. The District Court shall consider and decide in accordance with the principles outlined herein and in People v. LeBlanc, 399 Mich. 31, 248 N.W.2d 199 (1976), the questions of necessity and irreparable harm. Only upon a finding of necessity, irreparable harm and the absence of effective Indian tribal self-regulation should the District Court sanction and permit state regulation of gill net fishing. If the District Court should find after hearing evidence that state regulation and control of Indian treaty fishing is necessary to preserve the fish of Lake Michigan as a resource, then the District Court should sanction state regulation. In that event, the District Court should permit those state regulations necessary to prevent irreparable harm as heretofore stated.
 
 
 15
 7. With respect to state court jurisdiction over cases involving Indian treaty fishing, we agree with the arguments and position of the United States presented on June 19, 1981. While these questions concerning Indian treaty rights and the degree of permissible state regulation are pending in this Court and in the District Court, it is improper under the supremacy clause of the United States Constitution for the state courts to make orders inconsistent with those of the federal courts. Thus, the District Court's injunctions in cases Nos. 79-1527 and 79-1528 continue to be appropriate. Those orders were issued by the District Court in aid of its jurisdiction to determine the rights of the parties under treaties of the United States. The state cases were brought after the federal case was pending and under consideration, and the orders of the state courts in those cases had the effect of interfering with and obstructing the orderly adjudication of the federal questions in the District Court. The doctrine of abstention therefore does not apply.
 
 
 16
 Accordingly, the remand order of this court embodied in our opinion reported at 623 F.2d 448 (6th Cir. 1980) is continued in effect as modified by this order.