**UNITED STATES of America, et al., Plaintiffs,**

v.

**STATE OF MICHIGAN, Defendant.**

**No. M26–73 C.A.**

United States District Court, W. D. Michigan, N. D.

March 19, 1982.

Elmer T. Nitzschke, Field Sol., U. S. Dept. of the Interior, St. Paul, Minn., for the U. S.

---

Bruce R. Greene, Native American Rights Fund, Boulder, Colo., William J. James, Upper Peninsula Legal Services, Sault Ste. Marie, Mich., for Bay Mills Indian Community.

Daniel T. Green, Sault Ste. Marie, Mich., for Sault Ste. Marie Tribe of Chippewa Indians.

William Rastetter, Michigan Indian Legal Services, Traverse City, Mich., for Grand Traverse Band of Ottawa and Chippewa Indians.

Thomas P. Schimpf, Asst. Atty. Gen., Lansing, Mich., for defendant.

## OPINION

FOX, Senior District Judge.

This matter is presently before the court on the Bay Mills Indian Community's, Sault Ste. Marie Tribe of Chippewa Indians', and Grand Traverse Band of Ottawa-Chippewa Indians' (hereinafter "Tribes") Motion for Entry of Injunction and Modification of Decree. The Tribes seek an affirmative injunction making effective certain regulations proposed by the Chippewa-Ottawa Treaty Fishery Management Authority. A hearing on this issue was held on March 16, 1982. After reviewing the history of this case, the applicable law, and considering the testimony here presented, the court concludes as follows:

■ (1) That despite the fact that this motion was filed only four days prior to hearing, all parties have had adequate notice and opportunity to prepare. The State has probably been aware from various negotiations that changes in the regulations would be sought. A motion to change the regulations was filed on August 26, 1981. Further, a status conference was held on December 3, 1981 at which attorneys for the Tribes apprised the State of their intention to seek changes in the regulations. By letter dated January 26, 1982, Mr. Bruce Green provided the State with a copy of their proposed regulations. Finally, this court has insisted that regulations were going to be in place by the start of the 1982 fishing season, and has maintained that this issue would be resolved by the middle of March. The State's claim of surprise, and motions for an adjournment and for additional delay to conduct discovery are without support. An adjournment would only further prolong these proceedings, and frustrate tribal fishing efforts if rule changes were made in mid-season.

■ (2) That this court has power to modify the current fishing regulations because of the mandate of the Court of Appeals, this court's prior orders, and basic equitable powers. *United States v. Michigan*, 653 F.2d 277, 279 (6th Cir. 1981); 520 F.Supp. 207, 211 (W.D.Mich.1981); 471 F.Supp. 192, 281 (W.D.Mich.1979).

■ (3) That the traditional standards for granting a preliminary injunction set forth in *Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977), have been met. The Tribes have demonstrated a strong or substantial likelihood of success on the merits in this court, the Sixth Circuit Court of Appeals, the U.S. Supreme Court, and the Supreme Court for the State of Michigan. Irreparable harm has been demonstrated since the denial of fundamental rights, such as the denial of treaty rights to fish in certain zones of the Great Lakes without biological justification, can be presumed to be irreparable harm. The issuance of a preliminary injunction would not cause harm to others. The resource is protected by new regulations which Dr. Joseph Kutkuhn of the U.S. Fish and Wildlife Service called better than the existing ones. State licensed fishermen are not harmed since they can continue to fish. Finally, the public interest would best be served by the protection of these treaty rights to the fullest extent possible, and by encouraging and fostering the concept of tribal sovereignty. No bond will be required of the Tribes because of the overwhelming public interest involved, and the negligible harm that will result to others.

■ That the better approach is to treat this motion as a motion for a modification of a previous order or injunction. This court has a continuing responsibility over

its decrees, and modifications must be made where the facts or circumstances have changed. The changing role of the Interior Department and the dynamic nature of the fishery resource mandate that changes presently be made.

(5) That these proposed regulations seem to provide adequate protection for the resource, and are simpler to understand and enforce. The Tribes have given them a thorough review, and the U.S. Fish and Wildlife Service and Michigan Department of Natural Resources have had an opportunity to examine them. Dr. Kutkuhn stated that the regulations now in effect are not as good as the proposed regulations. Further, he stated that with the incorporation of TAC limits, the new regulations would fully protect the resource. In addition, the new regulations are better written, should be understandable by treaty fishers, and should present fewer enforcement problems. An effort by the Tribes was made to avoid confrontation with non-Indian fishers.

(6) That TAC limits are essential to effective regulations. Maximum protection for the resource can only be achieved by their incorporation. The court has been advised that new TAC's will be available soon. In the event they are not available though, the TAC limitations proposed by the report, Status of the Fishery Resource —1981; A Report by the Tripartite Technical Working Group on the Assessment of Major Fish Stocks in Treaty-Ceded Waters of the Upper Great Lakes: State of Michigan, September 30, 1981, shall automatically be incorporated in the new regulations forty-five (45) days from the date of this order.

Therefore, the Tribes' motion is granted. The fishing regulations of the Chippewa-Ottawa Treaty Fishery Management Authority are to control treaty Tribe fishing activity for the 1982 season. TAC limitations proposed in the September 30, 1981 Report shall be incorporated forty-five days from the date of this order unless and until the incorporation of more current TAC's is authorized by this court.