UNITED STATES of America,
Plaintiff-Appellee,

and

Bay Mills Indian Community, Sault Ste. Marie Tribe of Chippewa Indians and Grand Traverse Band of Ottawa-Chippewa Indians, Plaintiffs-Intervenors-Appellees,

v.

STATE OF MICHIGAN, et al., Defendants,

and

Thirteenth Judicial Circuit of the State of Michigan and Grand Traverse Sport Fishing Association, Intervenors-Defendants-Appellants.

Nos. 80–1795, 80–1819, 81–1199 and 81–1268.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1983.

Decided July 22, 1983.

Richard B. Baxter, Robert N. Alt, Jr., Grand Rapids, Mich., for 13th Judicial Circuit of the State of Mich.

James S. Brady, U.S. Atty., Grand Rapids, Mich., Elmer T. Nitzschke, Fort Snelling, Minn., Edward Shawaker, Dept. of Justice (argued), Anthony C. Liotta, Robert L. Klarquist, Washington, D.C., for U.S.

James F. Wynn, Theodore W. Swift, Stephen O. Schultz (argued), Foster, Swift, Collins & Coey, Lansing, Mich., for Grand Traverse Area Sport Fishing Assn.

Bruce R. Greene, Native American Rights Fund, Boulder, Colo. (argued), William James, U.P. Legal Services, Sault Ste. Marie, Mich., for Bay Mills Indian Community.

Daniel T. Green, Sault Ste. Marie, Mich., William Rastetter, Michigan Indian Legal Services, Traverse City, Mich., for Grand Traverse Band of Ottawa-Chippewa Indians.

Before MERRITT and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

This is the fourth time we have heard arguments on some aspect of this case brought initially by the United States against the State of Michigan in 1973 to resolve a treaty dispute over the right of Indian tribes in Michigan to engage in gill net fishing in Lake Michigan. The first time we considered and upheld newly enacted federal regulations governing treaty fishing rights adopted by the Secretary of the Interior, and we remanded the case to the District Court to determine certain preemption issues, 623 F.2d 448 (6th Cir.1980). The second time we heard motions of the

United States and the Indian tribes as intervening plaintiffs to vacate or modify an order previously entered by the Court pending the first appeal which stayed injunctive relief granted by the District Court, 471 F.Supp. 192 (W.D.Mich.1979), enjoining enforcement of certain state court orders prohibiting gill net fishing. On July 16, 1980, in response to these motions, we modified the stay previously entered as follows:

> Indian treaty fishing, including gill net fishing, in that portion of the Great Lakes over which the State of Michigan claims jurisdiction to enforce its fishing laws shall be governed during the pendency of this litigation in the District Court and in this Court by the comprehensive regulations issue on this subject by the Secretary of the Interior contained in 25 C.F.R. 256, 44 Fed.Reg. 65747 (Nov. 15, 1979), as amended, 45 Fed.Reg. 28100 (April 28, 1980) and as such regulations may hereafter be amended by the Secretary of the Interior . . . .

The third time, after the Secretary of the Interior allowed the regulations to expire, we enunciated a standard to determine when it is permissible for state law to interfere with the treaty rights in question and retained the Department of Interior regulations as an interim measure, subject to the orders of the District Court, 653 F.2d 277 (6th Cir.1981), cert. denied, 454 U.S. 1124, 102 S.Ct. 971, 71 L.Ed.2d 110 (1981). In that opinion this Court issued the following ruling respecting the jurisdiction of the District Court to enjoin the enforcement of orders of the state courts which are inconsistent with rights declared by the federal courts in this case:

> With respect to state court jurisdiction over cases involving Indian treaty fishing, we agree with the argument and position of the United States presented on June 19, 1981. While these questions concerning Indian treaty rights and the degree of permissible state regulation are pending in this Court and in the District Court, it is improper under the Supremacy Clause of the United States Constitution for the state courts to make orders inconsistent with those of the federal

courts. Thus, the District Court's injunctions in cases nos. 79–1527 and 79–1528 continue to be appropriate. Those orders were issued by the District Court in aid of its jurisdiction to determine the rights of the parties under treaties of the United States. The state cases were brought after the federal case was pending and under consideration, and the orders of the state courts in those cases had the effect of interfering with and obstructing the orderly adjudication of the federal question in the District Court. The doctrine of abstention, therefore, does not apply.

653 F.2d at 279–80.

Shortly after this Court's first decision upholding the Secretary's regulations and its order of July 16, 1980, quoted above, two Indian fishermen, Patrick G. Kinney and John Malloy, were held in contempt of a previous restraining order issued by the Michigan Thirteenth Judicial Circuit Court enjoining gill net fishing by Indian fishermen. The two Indians, Kinney and Malloy, were fishing in Grand Traverse Bay in accordance with the Department of Interior regulations. See 25 C.F.R. ¶ 256, § 256.-45(a)(1), 45 Fed.Reg. 28100, 28103 (April 28, 1980), authorizing Indian gill net fishing in the northern part of Grand Traverse Bay. The District Court enjoined enforcement of the state contempt order in the Kinney case on November 13, 1980, 508 F.Supp. 480 (W.D.Mich.1980), and in the Malloy case on March 30, 1981. It did so on the ground that the state court contempt orders were issued in violation of the treaty fishing rights as implemented by the above-mentioned regulations of the Secretary of the Interior which had been upheld and given effect by this Court.

The Grand Traverse Area Sport Fishing Association and the Thirteenth Judicial Circuit Court filed notices of appeal from the District Court's two orders enjoining enforcement of the state contempt orders. The Thirteenth Judicial Circuit did not perfect its appeal by filing briefs, but the Grand Traverse Area Sport Fishing Association has briefed the issues. The State of Michigan, a party to the proceedings in the

court below, did not appeal. The appellees are the United States and the two Michigan Indian tribes, the Bay Mills Indian community and the Sault Ste. Marie tribe of Chippewa Indians. They have filed briefs supporting the orders of the District Court enjoining enforcement of the state contempt orders.

The issues before the Court presented by the Grand Traverse Association concern the validity of the District Court's two injunctive orders. The Association argues that the District Court erred in enjoining the enforcement of the two contempt orders because (1) *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) requires abstention by the federal courts under such circumstances; (2) *Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), requires persons subject to a state injunctive order, even if the order is invalid, to seek review of the injunction rather than violate its terms; and (3) the District Court lacked jurisdiction in view of the fact that a part of the dispute concerning treaty fishing rights was pending in this Court.

The basic and obvious problem with the Association's position is that the two Indian fishermen held in contempt, Kinney and Malloy, were gill net fishing in an area of Grand Traverse Bay authorized under the Department of Interior regulations which were in force and which had already been upheld by this Court in its first decision and in its July 16, 1980 order. The federal court case predated the state court restraining order, and this Court's decision upholding the regulations and permitting the Indians to fish predated the state court's contempt order. We cannot be certain what information regarding the regulations or this Court's decision had been brought to the attention of the state court when it issued its contempt orders. We assume that the state court did not intentionally act in defiance of either the Secretary's regulations or this Court's orders. Nevertheless, the state contempt orders had the effect of punishing conduct that this Court had expressly permitted. Thus, the state court's contempt orders were void, and the District Court

properly enjoined their enforcement in aid of its jurisdiction in the case. By the time the state contempt orders were issued, the case had been remanded to the District Court for further consideration, and it had jurisdiction to require compliance with federal decrees. Since the state contempt orders violated the Supremacy Clause of the United States Constitution, the District Court did not err in enjoining their enforcement. The *Vail* and *Walker* cases, *supra,* are clearly distinguishable. In neither the *Vail* nor *Walker* case did the state court act contrary to a preexisting federal order. As the United States aptly puts the distinction in its brief:

> It is entirely proper that a federal court ought not to interfere with an ongoing state court proceeding, out of respect for the state courts. However, when a case begins in a federal court, and a state court later attempts to take actions which interfere with the federal case, respect for the federal court demands that the state action be abated. The Association, to the contrary, would have all deference given to state courts and none to the federal courts.

(Brief for United States, p. 20 n. 9.) Thus, the District Court correctly concluding that this Court's July 16, 1980 order was controlling and that "the District Court must be able to act to ensure that the parties comply with" it. *United States v. Michigan,* 508 F.Supp. 480, 486 (W.D.Mich.1980). The fact that this Court stayed the District Court's injunctive order pending the first appeal does not support the Association's argument that the State could act in a manner inconsistent with this Court's decision once the case was decided. In our July 16, 1980 order, we modified the previous stay and made it clear that the Department of Interior regulations were to govern Indian fishing in Grand Traverse Bay.

The Indian tribes have moved for the assessment of double costs and attorneys' fees under Rule 38, Federal Rules of Appellate Procedure, on grounds that the appeal is frivolous. Although the tribes' arguments on this point are persuasive and

present a close case, we decline to assess such costs. Considerations of comity and a proper respect for the state courts counsel a contrary conclusion.

Accordingly, the judgment of the District Court is affirmed.